UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

NEUROLOGICAL SURGERY, P.C.,

                                Plaintiff,                                  **REPORT AND RECOMMENDATION**

                                                                                    CV 19-4817 (DRH)(ARL)

       -against-

AETNA HEALTH INC. and AETNA
HEALTH INSURANCE COMPANY
OF NEW YORK,

                                Defendants.

-------------------------------------------------------------X

**LINDSAY, Magistrate Judge:**

        Plaintiff Neurological Surgery P.C. ("Plaintiff") brings this action against Defendants Aetna Health Inc. and Aetna Health Insurance Company of New York (collectively, "Defendants") seeking payment, pursuant to the Employee Retirement Income Security Act ("ERISA") and New York state law, for 200 medical claims for services performed on Aetna health plan members alleging that Defendants either underpaid or denied full payment on these claims. Before the Court, on referral from District Judge Hurley, is Defendants' motion for attorneys' fees pursuant to 29 U.S.C. § 1132(g)(1) and Federal Rule of Civil Procedure ("Rule") 41(d). For the reasons set forth below, the Court respectfully recommends that the motion be denied.

## BACKGROUND

    The Court presumes familiarity with the facts and procedural history of this case and only includes those facts that are necessary for resolution the instant motion.

Plaintiff filed the Complaint in this action on August 22, 2019.  ECF No. 1.  According to Plaintiff, for each of the 200 claims identified in the complaint, Aetna has allegedly failed to pay or, after delay, underpaid claims between 2012 and 2016.  *Id*. ¶¶ 37–39; *see, e.g., id*. ¶¶ 44–2365.[1]  On December 6, 2019, Defendants moved to dismiss the Complaint pursuant to Rule 12(b)(6).  By Order dated January 4, 2021 ("January 2021 Order"), Judge Hurley dismissed the bulk of Plaintiff's claims and directed that the parties submit a joint letter, no longer than three pages, as to whether the four claims identified by the Court in Appendix H to the decision implicate health plans governed by ERISA.  ECF No. 27.  By Order date April 13, 2021 ("April 2021 Order"), Judge Hurley ruled on the remaining four claims asserted by Plaintiff.  ECF No. 36.

**<u>January 2021 Order</u>**

In the January 2021 Order, Judge Hurley granted Defendants' motion to dismiss with respect to 12 non-ERISA claims, 2 unassigned claims, and 110 claims implicating valid anti-assignment clauses, because Plaintiff lacks statutory standing to pursue the ERISA claims.  Judge Hurley declined to exercise supplemental jurisdiction over the state law claims relating to these 124 claims and remanded them to state court.  January 2021 Order at 51.

In addition, Judge Hurley granted Defendants' motion to dismiss the remaining 72 claims, due to Plaintiff's failure to plead it had exhausted administrative appeals and because the state

---

[1] Defendants contend that Plaintiff's present suit is the third time it brings an action "over the same subject matter." Def. Mem. at 3. The first was *Neurological Surgery, P.C. v. Aetna Health* Inc., No. 16-4524 (E.D.N.Y. 2016), voluntarily dismissed without prejudice via notice pursuant to a Federal Rule of Civil Procedure 41(a)(1)(A)(i).  That action was commenced in state court via a summons with notice and then removed.  No complaint was filed in that matter.  The second was *Neurological Surgery, P.C. v. Aetna Health Inc.,* No. 18-2167 (E.D.N.Y. 2018), voluntarily dismissed without prejudice via stipulation pursuant to Rule 41(a)(1)(A)(ii).

2

law causes of action are preempted by ERISA.  *Id.*  The ERISA causes of action for these claims were dismissed without prejudice to refiling upon exhaustion of administrative remedies pursuant to the terms of the ERISA plans; and the state law causes of action for these claims were dismissed with prejudice because they were preempted.  *Id.*  Judge Hurley denied Defendants' motion to dismiss with respect to four claims the Court found to be inconclusive and ordered the parties to brief whether these four claims implicate health plans governed by ERISA. These four claims are the subject of the Court's April 2021 Order.

### **April 2021 Order**

In the April 2021 Order, Judge Hurley detailed his disposition with regard to each of the 196 claims which were not the subject of the April 2021 Order, noting that for certain claims of those claims the ERISA causes of action were dismissed for lack of statutory standing, and the state law causes of action were remanded to state court and that for the remainder the ERISA causes of action were dismissed without prejudice to refile upon exhaustion of administrative remedies pursuant to the terms of the ERISA plans, and the state law causes of action were dismissed with prejudice due to preemption.  With respect to the four claims which were the subject of the April 2021 Order, Judge Hurley ruled that three of the claims were governed by ERISA, as the plans in question did not contain an anti-assignment provision.  Further, the Court determined that the state law causes of action relating to these three claims were preempted by ERISA.  However, the Court held that these three were dismissed because Plaintiff "fail[s] to plead exhaustion of the administrative remedies" beyond "mere conclusory statements without any plausible factual allegations in support."  April 2021 Order at 2.  With respect to the one remaining non-ERISA-governed claim, the Court found Plaintiff had no standing to bring an ERISA causes of action

for this claim and declined to exercise supplemental jurisdiction over its remaining state law causes of action. *Id*. at 3.

By letter dated January 15, 2021, Defendants requested permission to move for attorneys' fees pursuant to ERISA, 29 U.S.C. § 1132(g)(1) and Fed. R. Civ. P. 41(d). Judge Hurley granted Defendants permission to so move on February 24, 2021, and, following a series of extension requests, the motion was ultimately filed on July 23, 2021. ECF No. 40. By order dated July 26, 2021, Judge Hurley referred Defendants' motion to the undersigned to issue a report and recommendation as to whether the motion for attorneys' fees and costs should be granted.

## DISCUSSION

"In considering a motion for attorney's fees, 'the threshold issue . . . is always entitlement.'" *RVC Floor Décor v Floor & Décor Outets of Am.*, No. CV 19-4894 (DRH)(ARL), 2021 US Dist. LEXIS 156369 (E.D.N.Y. Aug. 18, 2021)(citing *Universal Physician Services, LLC v. Del Zotto*, No. 8:16-cv-1274-T-36JSS, 2017 U.S. Dist. LEXIS 9020, 2017 WL 343905 at *2 (M.D. Fla. Jan. 6, 2017)). Although the "American Rule" generally requires each party to bear its own attorneys' fees, courts may award attorneys' fees where there is explicit statutory authority to do so. *Buckhannon Board & Care Home, Inc. v. West Virginia Department of Health & Human Resources*, 532 U.S. 598, 602-03, 121 S. Ct. 1835, 149 L. Ed. 2d 855 (2001); *Key Tronic Corp. v. United States*, 511 U.S. 809, 819, 114 S. Ct. 1960, 128 L. Ed. 2d 797 (1994). In addition, the Second Circuit has noted that "as an exception to the American Rule, the inherent power of the court allows the court to award reasonable attorneys' fees to the prevailing party when the opposing party has 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" *Center Cadillac, Inc. v. Bank of*

4

*Leumi Trust Co. of N.Y.,* 878 F. Supp. 626, 628 (2d Cir. 1995) (quoting *Oliveri v. Thompson*, 803 F.2d 1265, 1272 (2d Cir. 1986)); *see also United States v. Int'l Bhd. of Teamsters,* 948 F.2d 1338, 1345 (2d Cir. 1991). Defendants here claim they are entitled to attorneys' fees pursuant to ERISA, 29 U.S.C. § 1132(g)(1) and Fed. R. Civ. P. 41(d).

### A. Attorneys' Fees Under ERISA

Under ERISA "the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g)(1); *see also LaBarbera v. J.E.T. Res., Inc.*, 396 F. Supp. 2d 346, 349-50 (E.D.N.Y. 2005) ("Under ERISA, an award of attorneys' fees and costs is within the sound discretion of the trial court"). ERISA 29 U.S.C. § 1132(g)(1) states that "in any action under this subchapter . . . by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party" (emphasis supplied). According to the Second Circuit. "[t]he term participant is of considerable importance within ERISA's statutory scheme because numerous rights under that scheme are limited to those who are included within that term." *Saladino v. I. L. G. W. U. National Retirement Fund*, 754 F. 2d 473, 476 (2d Cir. 1985).

Plaintiff here, in accordance with the Court's January 2021 Order, is not a participant, beneficiary or fiduciary for any of the 125[2] claims Judge Hurley dismissed for lack of standing. In the order, Judge Hurley ruled that "Plaintiff, a health care provider, is not an enumerated party. Without a valid assignment of this right to reimbursement, Plaintiff has no standing to bring a claim for benefits." January 2021 Order at 16 (citing *Simon v. Gen. Elec. Co.*, 263 F.3d 176, 177–78 (2d Cir. 2001) ("Simon conceded that he is neither a participant nor beneficiary of

---

[2] Judge Hurley dismissed 124 claims for lack of standing in the January 2021 Order and one in the April 2021 Order.

5

the plan under which his benefit claims arise. . . . Simon is not a healthcare provider assignee. Accordingly, and for the reasons given by the several circuit courts, we conclude that Simon does not have standing to sue under the terms of ERISA."). "In determining that Plaintiff lacked standing, including derivative standing, to sue under § 1132, the District Court necessarily found that Plaintiff was not a participant, beneficiary, or fiduciary. It follows, then, that this action was not brought by a participant, beneficiary or fiduciary, and therefore, this section does not authorize an award of fees to either party." *Medicomp, Inc., v. United Healthcare Ins. Co.*, No. 6:12-cv-100-Orl-22DAB, 2013 U.S. Dist. LEXIS 151509, at *6 (M.D. Fla. Aug. 23, 2013), report and recommendation adopted by, 2013 U.S. Dist. LEXIS 151510 (M.D. Fla. Oct. 22, 2013) (citing *Donovan v. Dillingham*, 668 F.2d 1196, 1198 (11th Cir.1982), modified on other grounds on rehearing en banc, 688 F.2d 1367 (11th Cir.1982) (attorney's fees not recoverable under this section in action brought by Secretary of Labor as Secretary is not a participant, beneficiary, or fiduciary); *Brock v. Walton*, 663 F.Supp. 70, 72 (S.D. Fla.1987) ("This action does not fall within the coverage of section 1132(g)(1). The action herein was brought by the government and not by a participant, beneficiary or fiduciary"); *Self-Insurance Institute of America, Inc. v. Korioth*, 53 F.3d 694, 696 (5th Cir. 1995) ("Defendants argue that the court erred in awarding attorneys' fees because it had previously found that [plaintiff]was not an ERISA participant, beneficiary, or fiduciary. We agree."). Therefore, here, no claim for attorneys' fees pursuant to ERISA 29 U.S.C. § 1132(g)(1) is available.

With respect to the remaining 75 claims, Judge Hurley found Plaintiff had "failed to plead exhaustion of the administrative remedies set out in the 48 ERISA plans applicable to the

6

72 claims."³ January 2021 Order at 44. In considering a claim for attorneys' fees under ERISA for these 75 claims dismissed without prejudice, district courts are within their discretion to award attorneys' fees so long as the party seeking an award of fees has obtained "'some degree of success on the merits.'" *Donachie v. Liberty Life Assur. Co.,* 745 F.3d 41, 46 (2d Cir. 2014) (quoting *Hardt v. Reliance Standard Life Ins. Co.,* 560 U.S. 242, 254-55, 130 S. Ct. 2149, 2158, 176 L. Ed. 2d 998 (2010)). A claimant does not satisfy this requirement by achieving "trivial success on the merits" or a "purely procedural victory." *Hardt*, 560 U.S. at 255. "A party satisfies this standard if the court can fairly call the outcome of the litigation some success on the merits without conducting a lengthy inquiry into the question whether a particular party's success was substantial or occurred on a central issue." *Dist. Photo Inc. Health Care Plan v. Pyrros*, No. 13-cv-4285, 2017 U.S. Dist. LEXIS 82174, 2017 WL 2334027, at *3 (E.D.N.Y. May 30, 2017) (internal quotation and citation omitted).

Here, Defendants argue that after "[a]lmost five years and multiple pleadings after NSPC began this ERISA-based litigation, Aetna achieved dismissal of at least 98% of the ERISA component of the case" and therefore Defendants have achieved success on the merits that is beyond merely procedural. Def. Mem. at 14. As noted above, however, Defendants are not entitled to attorneys' fees under ERISA for over half of the claims asserted in the complaint because Plaintiff lacked standing to bring those claims. With respect to the remainder of the claims, Judge Hurley ruled that Plaintiff had failed to plead exhaustion of administrative remedies as required by ERISA and dismissed the claims without prejudice.

---

³ In the April 2021 Order, Judge Hurley similarly opined that Plaintiff had failed to plead exhaustion of remedies. April 2021 Order at 2.

7

Generally, "a dismissal for failure to exhaust administrative remedies is not necessarily an adjudication on the merits. Such dismissals are normally without prejudice, and do not bar instituting another suit after administrative remedies are properly exhausted." *Witchard v. Montefiore Med. Ctr.,* 5 Civ. 5957 (JSR), 2006 U.S. Dist. LEXIS 72811, at *19, 2006 WL 2773870, at *7 (S.D.N.Y. Sept. 26, 2006) (citing *Criales v. Am. Airlines, Inc.*, 105 F.3d 93, 95-97 (2d Cir. 1997); *Heckman v. Olive*, No. CV 88-2981 (RJD), 1992 U.S. Dist. LEXIS 19090, 1992 WL 390249, at *4 (E.D.N.Y. Dec. 9, 1992) ("A dismissal for failure to exhaust administrative remedies does not preclude litigation of the claim once the exhaustion requirement has been satisfied")); *see also McCulloch v. Bd. of Trs.*, No. 17 Civ. 3927 (PGG), 2018 U.S. Dist. LEXIS 171372, 2018 WL 10602192, at *9 (S.D.N.Y. Sept. 29, 2018).

The cases cited by Defendants in support of their position that a dismissal for failure to exhaust administrative remedies constitutes substantial success on the merits as required by *Hardt*, do not support that position. Def. Mem. at 14-15. All five cases cited granted summary judgment in Defendants' favor, as opposed as a dismissal without prejudice as in the present situation. *See, e.g., Niemeyer v. Store Kraft Mfg. Co.*, Civ. A. No. 12-3014, 2012 U.S. Dist. LEXIS 92032, at * 4, 2012 WL 2576400 (D. Neb. July 3, 2012) (court "granted the Rule 56 motion and dismissed the action with prejudice"); *DeBartolo v. Health & Welfare Dep't of the Const. & Gen. Laborers' Dist. Council of Chicago & Vicinity,* Civ. A. No. 09-0039, 2011 U.S. Dist. LEXIS 32764, at *3, 2011 WL 1131110 (N.D. Ill. Mar. 28, 2011) ("There is no doubt that the Defendant achieved 'some degree of success on the merits' as this Court awarded summary judgment in the Defendant's favor on all of the Plaintiff's claims"); *Erholm v. MBNA Corp.*, Civ. A. No. 05-2147, 2006 U.S. Dist. LEXIS 15493, at *7, 2006 WL 561856, (N.D. Ohio Mar. 7, 2006) ("Motion of Defendant MBNA Corporation for Summary Judgment are granted");

8

*Schreffler v. Metro. Life Ins. Co.*, No. CV 04-1561-PCT-SMM, 2006 U.S. Dist. LEXIS 23708, 2006 WL 1127096 (D. Ariz. 2006) ("The Court will grant Miller's Motion for Summary Judgment").  Additionally, *Niemeyer v. Store Kraft Mfg. Co.*, 2012 U.S. Dist. LEXIS 92032, did not involve an assessment of fees pursuant to ERISA and *Schreffler v. Metro. Life Ins. Co.*, 2006 U.S. Dist. LEXIS 23708 awarded attorney's fees and costs to a disinterested fiduciary, not the defendant in the case.

Because Judge Hurley's decision in this action left open the possibility the Plaintiff could pursue these claims if, and when, the administrative remedies were exhausted and did not dismiss the claims with prejudice, the undersigned respectfully recommends that the Court find that Defendants have not achieved substantial success on the merits as required by the Second Circuit and thus, Defendants' motion for attorneys' fees pursuant to ERISA should be denied.[4]

### B.  Attorneys' Fees Under Rule 41(d)

In addition to seeking attorneys' fee under ERISA, Defendants also seek Rule 41(d) fees and costs for the previous case that Plaintiff filed against Defendants and then voluntarily dismissed.  Rule 41(d) provides that "[i]f a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, the court . . . may order the plaintiff to pay all or part of the costs of that previous action." Fed. R. Civ. P. 41(d). Therefore, "where a plaintiff . . . voluntarily dismisses a lawsuit and then files a second suit against the same defendants predicated on the same facts, defendants may be entitled to recover their costs and attorneys' fees expended in defending the first suit and to stay the second

---

[4] Both parties have argued that the Court should consider the five factors set forth in *Chambless v. Masters, Mates & Pilots Pension Plan,* 815 F.2d 869, 871 (2d Cir. 1987) abrogation on other grounds recognized by *Levitian v. Sun Life & Health Ins. Co.*, 486 F. App'x 136 (2d Cir. 2012) (internal citations omitted).  However, because the Court finds that Defendants have not achieved "'some degree of success on the merits'" the court need not consider the *Chambless* factors.  *See Donachie v. Liberty Life Assur. Co.,* 745 F.3d 41, 46 (2d Cir. 2014)

9

suit until payment of those costs." *Blauinsel Stiftung v. Sumitomo Corp.*, No. 99 CIV 1108, 2001 U.S. Dist. LEXIS 20746, 2001 WL 1602118, at *9 (S.D.N.Y. Dec. 14, 2001*); see also Adams v. N.Y.State Educ. Dep't.,* 630 F. Supp. 2d 333 (S.D.N.Y. 2009); *New Phone Co. v. N.Y. City Dep't of Info. Tech. & Telecomms.,* Nos. 06-CV-3529, 07-CV 2472, 2007 U.S. Dist. LEXIS 74693, 2007 WL 2908110 at *16-17 (E.D.N.Y. Oct. 5, 2007). The purpose of Rule 41(d) is "to prevent forum-shopping within the federal court system . . . [and] serves the broader purpose of penalizing a plaintiff for re-filing the very suit he has previously dismissed. . . ." *New Phone Co.*, 2007 U.S. Dist. LEXIS 74693, 2007 WL 2908110, at *16. Awarding costs and attorneys' fees under Rule 41(d) is "completely discretionary." *Adams*, 630 F. Supp. 2d at 344 (quoting 9 Wright & Miller, Federal Practice & Procedure: Civil 3d § 2375).

When determining whether to award costs, the court may also consider the plaintiff's motives in dismissing the prior case. *Preferred Freezer Servs., LLC v. Americold Realty Trust,* 19-CV-2926 (VSB), 2020 U.S. Dist. LEXIS 27495 at *7, 2020 WL 774132 (S.D.N.Y. Feb. 18, 2020). "[E]ven though a defendant need not show that a plaintiff acted in bad faith in order to recover, a 'district court may refuse to impose [Rule 41(d) costs] on the plaintiff if it appears that there was a good reason for the dismissal of the prior action.'" *Adams*, 630 F. Supp. 2d 333 (quoting 9 Wright & Miller, Federal Practice & Procedure § 2375 (3d ed.)); *Newarket Pharms., LLC v Vetpharm, Inc.*, No. 19-CV-6405, 2020 US Dist. LEXIS 7651, 2020 WL 2079313 (W.D.N.Y. Apr. 30, 2020); *Loubier v. Modern Acoustics, Inc.*, 178 F.R.D. 17, 22 (D. Conn. 1998). Here, Plaintiff argues that it did not dismiss its prior lawsuit in order to harass Defendants or to gain a strategic litigation advantage, but rather, the lawsuit was dismissed at the insistence of Defendants, which sent a letter demanding that its complaint be withdrawn. *See* Tarpey Decl., ¶ 18 & Exh. 4. Plaintiff argues that although "it believed its claims to be

10

meritorious, it agreed to withdraw its complaint in exchange for access to Aetna's plan documents, which were previously unavailable. *See id.*, ¶¶ 19-27. As part of this arrangement, the parties entered into a tolling agreement expressly contemplating that Plaintiff could reassert any claims that it believed, in good faith, to be valid. *See id.*, ¶ 28 & Exh. 6, ¶ 4. According to Plaintiff, pursuant to the tolling agreement, it reviewed Aetna's plan documents and reduced the number of claims asserted in the most recent lawsuit from 235 to 200, and the amount of alleged damages by nearly $5.3 million. *See id.*, ¶¶ 30-34 & Exh. 7.

While it is clear that Plaintiff's second action is "based on or include[es] the same claim[s] against the same defendant," Rule 41(d), in light of the facts and circumstances surrounding the first dismissal, including Defendants' role in securing the without prejudice dismissal to which it now objects, the undersigned respectfully recommends that Plaintiff should not be required to pay Defendants' costs or attorney's fees associated with the dismissed action under Rule 41(d).

## OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule 72 of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. Any requests for an extension of time for filing objections must be directed to Judge Hurley prior to the expiration of the fourteen (14) day period for filing objections. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Mejia v. Roma Cleaning, Inc.*, No. 17-3446, 2018 U.S. App. LEXIS 28235, 2018 WL 4847199, at *1 (2d Cir. Oct. 5, 2018) ("Plaintiff has waived any objections to the Magistrate's finding" by failing to timely object); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd &*

*Carwile, P.C.,* 596 F.3d 84, 92 (2d Cir. 2010); *Beverly v. Walker,* 118 F.3d 900, 902 (2d Cir. 1997).

Dated: Central Islip, New York
       February 1, 2022

                                                  _____/s/_____
                                                  ARLENE R. LINDSAY
                                                  United States Magistrate Judge